Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

JAMES K. TAM                   1485
SHELLIE K. PARK-HOAPILI        7885
1001 Bishop Street, Suite 1800
Honolulu, Hawai`i  96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail: jktam@ahfi.com
        spark-hoapili@ahfi.com

Attorneys for Plaintiffs
CARPET, LINOLEUM & SOFT TILE
LOCAL UNION 1926 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| CARPET, LINOLEUM & SOFT TILE LOCAL UNION 1926 TRUST FUNDS (Carpet, Linoleum & Soft Tile Local Union 1926 Annuity Trust Fund, Health & Welfare Trust Fund, Market Recovery Trust Fund, Pension Trust Fund, Training Trust Fund and Vacation & Holiday Trust Fund), by their Trustees Harris N. Nakamura, Raymond Mori, Malcolm Kaleo Nakamura, Lynn Kinney, Joseph Bazemore, and David Stone),<br><br>       Plaintiff,<br><br>  vs.<br><br>INNOVATIVE FLOORING SYSTEMS, INC.,<br><br>       Defendant. | CIVIL NO. 11-00489 SOM-BMK<br><br>**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT INNOVATIVE FLOORING SYSTEMS, INC., FILED ON APRIL 20, 2012**<br><br><u>Hearing</u><br>Date:   May 25, 2012<br>Time:   11:00 a.m.<br>Judge:  Hon. Barry M. Kurren |

**FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT INNOVATIVE FLOORING SYSTEMS, INC., FILED ON APRIL 20, 2012**

Plaintiffs CARPET, LINOLEUM & SOFT TILE LOCAL UNION 126 TRUST FUNDS ("Plaintiffs"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit the following findings and recommendation on *Plaintiffs' Motion for Default Judgment Against Defendant Innovative Flooring Systems, Inc.*, filed April 20, 2012 ("the Motion"). The Motion was heard on May 25, 2012, at 11:00 a.m., by the Honorable Barry M. Kurren. Shellie K. Park-Hoapili appeared on behalf of Plaintiffs. No other party appeared or was otherwise represented by counsel.

Having reviewed the Motion and considering the documents and evidence submitted in support thereof, the representations of counsel, and the files and records herein, and good cause appearing therefor, the Court finds and concludes as follows:

1. This Court has jurisdiction over this action based on the Labor-Management Relations Act of 1947, as amended, the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, the Multiemployer Pension Plan Amendments Act of 1980, as amended, and 29 U.S.C. § 185(a), 1145, and 1132(a) and (f), as amended.

2. Plaintiffs are the trustees of the Carpet, Linoleum & Soft Tile Local Union 1926 Trust Funds, which include

the Annuity Trust Fund, Health & Welfare Trust Fund, Market Recovery Trust Fund, Pension Trust Fund, Training Trust Fund and Vacation/Holiday Trust Fund.  The Trust Funds are express trusts created by a written trust agreement subject and pursuant to Section 302 of the Labor Management Relations Act (29 U.S.C. § 186), are multiple employer benefit plans within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act of 1974, i.e., "ERISA" (29 U.S.C. §§ 1002 and 1003), and have their principal place of business in the City and County of Honolulu, State of Hawai`i.

     3.    Defendant Innovative Flooring Systems, Inc. ("Defendant") is a domestic profit corporation, with its principal place of business in Kaneohe, City and County of Honolulu, State of Hawai`i.

     4.    On or about September 22, 2010, Defendant signed a Project Labor Agreement for the project described as "Pacifica", in which Defendant agreed to be bound by the terms and conditions of the Collective Bargaining Agreement by and between the Hawaii Flooring Association and the International Union of Painters and Allied Trades, Carpet Linoleum and Soft Tile Local Union 1926 ("the Project Labor Agreement").

     5.    The Project Labor Agreement incorporates that certain Master Agreement Covering Flooring Trades in the State of Hawaii, effective from February 26, 2006 to and including

February 26, 2011, and the amendments thereto, along with the various trust agreements establishing each of Plaintiffs' trusts (the "Master Agreement"). The Project Labor Agreement and the Master Agreement are hereinafter referred to collectively as the "Agreements."

6. Under the terms of the Agreements, Defendant promised to pay employee benefit trust fund contributions to the Trust Funds for the work performed by Defendant's covered employees.

7. Under the terms of the Agreements, Defendant promised to submit monthly trust fund payroll transmittal reports to the Trust Funds identifying hours worked by Defendant's covered employees and to permit audits of its payroll records to allow the Trust Funds to ascertain whether all contributions due have been paid.

8. Under the terms of the Agreements, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of the contributions due to each respective fund or $20.00, whichever is greater, for each and every delinquent monthly contribution as provided by the Agreements.

9. Under the terms of the Agreements, Defendant agreed to report to the Trust Funds on the 25th day of each month the hours worked by each employee during the previous month.

10. Defendant has breached its contractual obligations under the Agreements by failing to submit its reports and pay its contributions, liquidated damages and other amounts due and owing thereunder.

11. It has been necessary for the Trust Funds to engage legal counsel to demand submission of Defendant's reports and payroll registers, collect contributions and liquidated damages and/or obtain an audit, and the Trust Funds are entitled to an award of their court and collection costs and reasonable attorneys' fees in connection therewith.

12. On August 11, 2011, Plaintiffs filed a *Complaint for Specific Performance, Assumpsit and Damages* ("Complaint") against Defendant to enforce the terms of the Agreements, alleging that Defendant materially breached the terms of and its obligations under the Agreements by, among other things, failing to (a) pay liquidated damages for the months of November 2010 ($2,816.19) and December 2010 ($5,570.99), (b) pay contributions ($16,575.71) and liquidated damages ($3,279.61) for the month of January 2011, and (d) submit its pay registers and pay contributions and liquidated damages for February 2011, despite demands by Plaintiffs. Defendant was served by publication of

summons but failed to attend the return hearing and default was entered.

13. Defendant is not an infant or an incapacitated person and its default has not been set aside.

14. Defendant has failed to pay liquidated damages for the month of November 2010 in the amount of $2,816.19, but an award of liquidated damages is not warranted here.

15. Defendant has failed to pay liquidated damages for the month of December 2010 in the amount of $5,570.99, but an award of liquidated damages is not warranted here.

16. Defendant has failed to pay contributions and liquidated damages for the month of January 2011 in the total amount of $19,855.32 ($16,575.71 in contributions and $3,279.61 in liquidated damages), but an award of liquidated damages is not warranted here.

17. Defendant has failed to submit to Plaintiffs copies of its payroll registers for February 2011 and pay any and all unpaid contributions for February 2011.

18. Under the Agreements, the Trust Funds are authorized and empowered to have representatives of the Trust Funds Administrative Office examine and audit Defendant's payroll books and records to determine whether or not Defendant owes any contributions as required under the Agreements.

19. Under terms of the Agreements, Defendant further promised that if it became necessary for the Trust Funds to take legal action to obtain its reports, conduct an audit and/or enforce payment of contributions and/or liquidated damages from Defendant, Defendant would also pay all of the Trust Funds' auditor's fees and costs, court and collection costs and reasonable attorneys' fees.

20. Plaintiffs have incurred attorneys' fees in the amount of $6,853.43 and costs in the amount of $2,099.94, for a total fees and costs award of $8,953.37.

## RECOMMENDATION

IT IS HEREBY RECOMMENDED that the Motion is granted. A Default Judgment shall be entered in favor of Plaintiffs and against Defendant as follows:

(a) Plaintiffs are awarded $16,575.71 in unpaid contributions for the month of January 2011;

(b) Plaintiffs are not entitled to liquidated damages for the month of November 2010 ($2,816.19), December 2010 ($5,570.99) and January 2011 ($3,279.61);

(c) Defendant is ordered to submit to Plaintiffs copies of its payroll registers for February 2011 and pay any and all unpaid contributions (but not liquidated damages) for February 2011;

(d) Plaintiffs be permitted to audit Defendant's

payroll books and records in accordance with the Agreements; and

(e) Plaintiffs are awarded reasonable attorneys' fees in the amount of $6,853.43 and costs in the amount of $2,099.94, for a total fees and costs award of $8,953.37.

The judgment shall be entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai`i, July 9, 2012.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

*Carpet, Linoleum & Soft Time Local Union 1926 Trust Funds v. Innovative Flooring Systems, Inc.*; CIVIL NO. CV11-00489 SOM BMK; **FINDINGS AND RECOMMENDATION GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT INNOVATIVE FLOORING SYSTEMS, INC. FILED ON APRIL 20, 2012**